# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL D. FORD,<br><br>             Plaintiff,<br><br>      v.<br><br>FIORI,<br><br>             Defendant. | Case No.  1:23-cv-00950-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff Marcel D. Ford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on June 26, 2023.  (ECF No. 1.)

    On July 17, 2023, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 9.)  On July 27, 2023, Plaintiff filed a response to the order to show cause.  (ECF No. 10.)

///

///

1

## I.  Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II.  Discussion

In the complaint, Plaintiff states that there is an inmate appeal or administrative remedy process available at his institution, that he submitted a request for administrative relief on his

claims, and that he appealed his request for relief for his claims to the highest level. (ECF No. 1, pp. 3–5.) Plaintiff further explains that all appeals have been sent to the Chief of Appeals Office in Sacramento, California, the highest level. (*Id.*) Based on this information, the alleged incident date of May 18, 2023, and the signature on the complaint dated June 7, 2023, it appeared Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

In his response to the Court's order to show cause, Plaintiff filed a response which primarily discusses the merits of his claims. (ECF No. 10.) The response also includes a copy of an Office of Grievances Decision dated July 1, 2023, granting Plaintiff's claim. (ECF No. 10, p. 6.) In the corner of that document, a note in Plaintiff's handwriting states "Case filed 6-26-23 Appeal Granted on 7-1-23 (very close) Marcel Ford F-64879 7-20-23." (*Id.*)

Based on the foregoing, it appears that as of June 26, 2023, the date Plaintiff filed the complaint, Plaintiff had not yet exhausted his administrative remedies. Further, Plaintiff's handwritten note indicates his awareness that, while close in time, the July 1, 2023 decision was received too late for the June 26, 2023 filing of the complaint. Therefore, because Plaintiff had not yet received a decision, Plaintiff failed to exhaust his administrative remedies before filing this action. Plaintiff is informed that a dismissal of this action, without prejudice, does not prevent him from re-filing this action in this Court at a later date, which would be after he completed exhaustion of his administrative remedies.

**III.     Order and Recommendation**

Accordingly, the order to show cause issued on July 17, 2023, (ECF No. 9), is HEREBY DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written

3

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2023**          /s/ Barbara A. McAuliffe         
                                                           UNITED STATES MAGISTRATE JUDGE